IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



KONJIT GIRARD, §
 §
      **Plaintiff,** §
 §
V. § Civil Action No. 3:12-cv-4264-N (BF)
 §
HUGHES WATTERS & ASKANASE, §
L.L.P., FREDDIE MAC, and §
CITIMORTGAGE, INC., §
 §
      **Defendants.** §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this *pro se* civil action arising out of foreclosure proceedings initiated against real property located in Denton County, Texas to the United States Magistrate Judge for pretrial management. Defendants CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation filed a joint Motion to Dismiss pursuant to Fed. R. Civ. P. 8, 9(b), and 12(b)(6) on November 20, 2012. Doc. 6. Thereafter, the Court *sua sponte* granted Plaintiff Konjit Girard permission to file an amended complaint that complies with the Federal Rules of Civil Procedure. (*See* Doc. 9). Plaintiff filed a First Amended Complaint (Doc. 12) on January 29, 2013.

Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course before being served with a responsive pleading. A motion to dismiss is not a responsive pleading. *Whitaker v. City of Houston*, 963 F.2d 831, 834-35 (5th Cir.1992). Even assuming Defendants' motion -- which is addressed to Plaintiff's Original Complaint -- has merit, Plaintiff has superseded that pleading by filing her First Amended Complaint.[1] Therefore, Defendants' Motion to Dismiss

---

[1] Among other things, the Court observes that Plaintiff's First Amended Complaint names CitiMortgage as the sole Defendant. Plf. First Am. Compl. (Doc. 12) at 1, ¶ 2.

should be denied as moot.[2] *See, e.g., Mangum v. United Parcel Servs.*, No. 3:09-CV-0385-D, 2009 WL 2700217, at *1 (N.D. Tex. Aug. 26, 2009) (denying as moot motion to dismiss after plaintiff filed amended complaint).

### Recommendation

In view of the filing of Plaintiff's Amended Complaint, the Court recommends that Defendant's Motion to Dismiss (Doc. 6) be DENIED without prejudice as moot.

SO RECOMMENDED, February __, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

---

[2] The Court suggests no view on the merits of the Amended Complaint or whether it is subject to dismissal under the Federal Rules of Civil Procedure.