IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KONJIT GIRARD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-cv-4264-N (BF) |
| § | |
| CITIMORTGAGE, INC., § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Defendant CitiMortgage, Inc. has filed a motion to dismiss this *pro se* civil action brought by Plaintiff Konjit Girard arising out of the foreclosure of her home in Lake Dallas, Texas.[1] Succinctly stated, Plaintiff alleges that she became the owner of the Lake Dallas home by virtue of a divorce decree. *See* Plf. First Am. Compl. at 2, ¶ 5. Plaintiff contends that she contacted Defendant regarding a mortgage loan modification, but Defendant refused to provide her with any information on the status of the loan and instead initiated foreclosure proceedings against her home. *See id.* ¶¶ 7-9. After the foreclosure sale, Defendant allegedly refused to release approximately $30,000 in "surplus" funds to Plaintiff insisting that she needed her ex-husband's agreement to pay the money to her. *See id.*, ¶¶ 10-11. Based on this conduct, Plaintiff brought the instant suit in federal district court for wrongful foreclosure and conversion. *See id.* at 3, ¶¶ 14-16. Defendant moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction and failure to state a plausible claim for relief pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. Plaintiff

---

[1] Plaintiff's operative pleading is her First Amended Complaint (Doc. 13) that she filed with leave of Court on January 29, 2013. CitiMortgage is the only party named as a defendant in Plaintiff's First Amended Complaint. Plf. First Am. Compl. (Doc. 12) at 1, ¶ 2.

failed to file a written response to the motion. The Court therefore considers the motion without the benefit of a response.

Where, as here, a Rule 12(b)(1) motion is filed together with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing any attack on the merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court should grant a motion under 12(b)(1) only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The court may find a plausible set of facts supporting subject matter jurisdiction by considering (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (internal citations omitted)). The plaintiff as the party asserting jurisdiction bears the burden of proof at all times on a Rule 12(b)(1) motion to dismiss. *Ramming*, 281 F.3d at 161 (5th Cir. 2001).

A federal court's jurisdiction is limited, and federal courts generally may hear a case only if it involves a question of federal law or where complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Here, Plaintiff asserts that federal subject matter jurisdiction is proper "because the case is brought pursuant to the Home Ownership Equity Protection Action ("HOEPA") and related pendent common law causes of action." Plf. First Am. Compl. at 1, ¶ 3. This assertion implicates federal question jurisdiction. Federal question jurisdiction exists when the plaintiff's well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief


necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). The mere presence of a federal issue in a state cause of action does not confer federal question jurisdiction. *Id.* (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

Plaintiff's most recent complaint alleges claims for wrongful foreclosure and conversion. Plf. First Am. Compl. at 3, ¶¶ 14-16. Her wrongful foreclosure claim is based on allegations that Defendant foreclosed on her Lake Dallas home while she was in the process of providing documents needed for a loan modification. *See* Plf. First Am. Compl. at 2, ¶¶ 8-9 & 3, ¶ 14. Her conversion claim is based on allegations that Defendant failed to remit surplus funds from the foreclosure to her. *See id.* at 2, ¶ 10 & 3, ¶¶ 15-16. Both of these causes of action are governed by state law. *See United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th Cir. 2012) (recognizing that cause of action for conversion arises under Texas common law); *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 766 (N.D. Tex. 2012) (same as to cause of action for wrongful foreclosure). Plaintiff's single passing reference to the HOEPA does not constitute a cause of action. Nor is the mere mention of this federal statute sufficient to support the exercise of federal question jurisdiction. *Deutsche Bank Nat. Trust v. Broussard*, No. 3:13-CV-1400-M-BF, 2013 WL 3185919, at *2 (N.D.Tex. June 24, 2013) (mere reference to federal statutes insufficient to establish federal question jurisdiction). None of the factual allegations in Plaintiff's amended complaint connect her claims for wrongful foreclosure and conversion to the HOEPA. Accordingly, there is no basis for federal question jurisdiction.

## **RECOMMENDATION**

The District Court should GRANT Defendant's Motion (Doc. 17) and dismiss Plaintiff's claims without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED, September __, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).